

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,907

**EX PARTE BRUCE ELLIOTT GIPSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 27523CR IN THE 40TH DISTRICT COURT
### FROM ELLIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated robbery and sentenced to thirty years' imprisonment for each count. Applicant's direct appeal was dismissed for want of jurisdiction. *Gipson v. State*, No. 10-04-00199-CR (Tex. App.–Waco delivered September 1, 2004).

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal.

The trial court has determined that trial counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 27523CR from the 40th Judicial District Court of Ellis County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: April 30, 2008
Do Not Publish